**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| REPUBLIC OF AZERBAIJAN, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 1:26-cv-01043-CFC |
| CABLE NEWS NETWORK, INC., | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

# PLAINTIFF REPUBLIC OF AZERBAIJAN'S OPPOSITION TO DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO DISMISS THE COMPLAINT

**OF COUNSEL:**

**BROWN RUDNICK LLP**
Wayne F. Dennison (*pro hac vice*)
Lindy Reed (*pro hac vice*)
One Financial Center
Boston, MA 02111
(617) 856-8247 (Phone)
(617) 856-8201 (Fax)
WDennison@brownrudnick.com
LReed@brownrudnick.com

D. Cameron Moxley (*pro hac vice*)
Hayden A. Miller (*pro hac vice*)
August Nelson Dinwiddie (*pro hac vice*)
7 Times Square Tower
New York, NY 10036
(212) 209-4800 (Phone)
(212) 209-4801 (Fax)
HMiller@brownrudnick.com
DMoxley@brownrudnick.com
ADinwiddie@brownrudnick.com

**COLE SCHOTZ P.C.**
James S. Green, Jr. (No. 4406)
Nathaniel J. Klepser (No. 6975)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
(302) 652-3131 (Phone)
(302) 652-3117 (Fax)
jgreen@coleschotz.com
nklepser@coleschotz.com

*Attorneys for Plaintiff,*
*Republic of Azerbaijan*

Dated: November 9, 2026

# TABLE OF CONTENTS

**Page(s)**


PRELIMINARY STATEMENT ........................................................................ 1

FACTUAL BACKGROUND ........................................................................ 2

I. CNN Accused Azerbaijan Of Facilitating War Efforts After Azerbaijan Denied The Charge. ........................................................ 2

II. CNN Refused to Retract the Post, Endangering Azerbaijan. ................ 4

LEGAL STANDARD ........................................................................ 4

ARGUMENT ........................................................................ 4

I. Azerbaijan May Sue CNN for Defamation. ........................................ 4

A. No Court Has Barred a Foreign Sovereign Libel Suit. ............... 5

B. The Rationale For Barring Suits By The U.S. Government Is Inapplicable To Azerbaijan. ............................... 7

C. The United States' Self-Restraint on Government Defamation Suits Does Not Apply to Foreign States. ................ 8

D. CNN's Forum-Shopping Argument Misstates The Law. ............ 8

II. The Challenged Statements Are "Of And Concerning" Azerbaijan. ........................................................................ 9

III. Azerbaijan Plausibly Alleged Defamatory Meaning. ......................... 11

IV. Azerbaijan Plausibly Pleaded Actual Malice. ..................................... 14

A. CNN Published the Post Despite Knowing It Was False .......... 15

B. CNN's Reliance on Unverified, Anonymous Sources Supports Actual Malice. .......................................................... 17

V. The *Prima Facie* Tort Claim Redresses a Distinct Wrong and a Distinct Harm. ........................................................................ 19

CONCLUSION ........................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. Rumsfeld*,
389 F. Supp. 2d 579 (D. Del. 2005)....................4

*Air Zimbabwe Corp. v. Tribune Publishing Co.*,
No. BC 227735 (Cal. Super. Ct. Aug. 22, 2000)....................6, 7

*Biro v. Condé Nast*,
963 F. Supp. 2d 255 (S.D.N.Y. 2013)....................18

*Boone v. Newsweek LLC*,
2023 WL 2245104 (E.D. Pa. Feb. 27, 2023)....................15

*Brimelow v. New York Times Co.*,
2021 WL 4901969 (2d Cir. Oct. 21, 2021)....................15

*Cabello-Rondón v. Dow Jones & Co., Inc.*,
2017 WL 3531551 (S.D.N.Y. Aug. 16, 2017)....................18

*Cayuga Nation v. Showtime Networks Inc.*,
191 A.D.3d 573 (N.Y. App. Div. 2021)....................6

*Cherokee Nation v. Georgia*,
30 U.S. 1 (1831)....................6

*Church of Scientology Int'l v. Daniels*,
992 F.2d 1329 (4th Cir. 1993)....................18

*City of Chicago v. Tribune Co.*,
307 Ill. 595 (1923)....................5, 7

*City of Philadelphia v. Wash. Post Co.*,
482 F. Supp. 897 (E.D. Pa. 1979)....................6

*Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*,
919 F. Supp. 756 (D.N.J. 1996)....................5, 7

*Contemp. Mission, Inc. v. New York Times Co.*,
842 F.2d 612 (2d Cir. 1988)....................18



72324/0001-54553047

*Copeland v. Netflix, Inc.*,
2025 WL 3687742 (D. Del. Dec. 19, 2025) ....................................................19

*Cousins v. Goodier*,
283 A.3d 1140 (Del. 2022) ....................................................................12, 13

*Desmond v. Desmond*,
2024 WL 4851606 (Del. Super. Ct. Nov. 21, 2024)....................................20, 21

*Epps v. Fox News Network, LLC*,
2026 WL 1266101 (D. Del. May 8, 2026) ......................................................15

*Georgia v. Public.Resource.Org, Inc.*,
590 U.S. 255 (2020)..........................................................................................8

*Gibney v. Fitzgibbon*,
547 F. App'x 111 (3d Cir. 2013) ......................................................................11

*Harborne v. Dow Jones & Co., Inc.*,
2024 WL 5200947 (Del. Super. Ct. Dec. 23, 2024) ..........................................17

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
491 U.S. 657 (1989)...................................................................................16, 17

*Invictus Glob. Mgmt., LLC v. Corbin Cap. Partners, L.P.*,
2025 WL 2419577 (Del. Super. Ct. Aug. 21, 2025)..........................................12

*Isaac v. Politico LLC*,
346 A.3d 103 (Del. 2025) ........................................................................10, 11

*Klein v. Sunbeam Corp.*,
94 A.2d 385 (Del. 1952) .................................................................................10

*Kyle v. Apollomax, LLC*,
2013 WL 5954782 (D. Del. Nov. 1, 2013)........................................................19

*Lemelson v. Bloomberg L.P.*,
903 F.3d 19 (1st Cir. 2018)..............................................................................16

*Lohrenz v. Donnelly*,
350 F.3d 1272 (D.C. Cir. 2003)........................................................................16



72324/0001-54553047

*Lord v. Souder*,
748 A.2d 393 (Del. 2000) .......... 20, 21

*McCafferty v. Newsweek Media Grp., Ltd.*,
955 F.3d 352 (3d Cir. 2020) .......... 15

*McKenzie v. Dow Jones & Co.*,
355 F. App'x 533 (2d Cir. 2009) .......... 21

*Michel v. NYP Holdings, Inc.*,
816 F.3d 686 (11th Cir. 2016) .......... 18

*Moore v. Cecil*,
109 F.4th 1352 (11th Cir. 2024) .......... 19

*Nat'l Oil Corp. v. Libyan Sun Oil Co.*,
733 F. Supp. 800 (D. Del. 1990) .......... 9

*New York Times Co. v. Sullivan*,
376 U.S. 254 (1964) .......... 5, 6, 7

*OAO Alfa Bank v. Ctr. for Pub. Integrity*,
387 F. Supp. 2d 20 (D.D.C. 2005) .......... 18

*Pace v. Baker-White*,
850 F. App'x 827 (3d Cir. 2021) .......... 19

*Pfizer, Inc. v. Gov't of India*,
434 U.S. 308 (1978) .......... 1, 4, 8, 9

*Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*,
442 F. App'x 681 (3d Cir. 2011) .......... 6

*Read v. Carpenter*,
1995 WL 945544 (Del. Super. Ct. June 8, 1995) .......... 14

*Rhode Island Office of General Treasurer v. Paramount Global*,
331 A.3d 179 (Del. Ch. 2025) .......... 18

*Rosenblatt v. Baer*,
383 U.S. 75 (1966) .......... 5

*The Sapphire*,
78 U.S. 164 (1870)....4, 9

*Schiavone Const. Co. v. Time, Inc.*,
847 F.2d 1069 (3d Cir. 1988) ....15

*Sharon v. Time, Inc.*,
599 F. Supp. 538 (S.D.N.Y. 1984) ....6

*Smartmatic USA Corp. v. Newsmax Media, Inc.*,
2023 WL 1525024 (Del. Super. Ct. Feb. 3, 2023) ....15

*St. Amant v. Thompson*,
390 U.S. 727 (1968)....17

*Starbucks v. Google LLC*,
2026 WL 2137827 (Del. Super. Ct. July 24, 2026)....19

*Sunstar Ventures, LLC v. Tigani*,
2009 WL 1231246 (Del. Super. Ct. Apr. 30, 2009) ....12

*Tavoulareas v. Piro*,
817 F.2d 762 (D.C. Cir. 1987)....19

*US Dominion, Inc. v. Fox News Network, LLC*,
2021 WL 5984265 (Del. Super. Ct. Dec. 16, 2021)....15

*US Dominion, Inc. v. Fox News Network, LLC*,
293 A.3d 1002 (Del. Super. Ct. 2023)....17

*Wang v. Univ. of Pittsburgh*,
181 F.4th 301 (3d Cir. 2026) ....4, 14, 16, 17

*Widger v. Cent. Sch. Dist. No. 1*,
20 A.D.2d 296 (N.Y. 4th Dep't 1964)....21

*Wilcoxon v. Red Clay Consol. Sch. Dist. Bd. of Educ.*,
437 F. Supp. 2d 235 (D. Del. 2006)....4

**Statutes**

17 U.S.C. § 104(b)(1)....8

17 U.S.C § 105(a) ....8

28 U.S.C. § 4102 .......... 9

**Other Authorities**

Fed. R. Civ. P. 8 .......... 20

Fed. R. Civ. P. 8(d)(2)-(3) .......... 20

Fed. R. Civ. P. 12(b)(6) .......... 10, 11

Restatement (Second) of Torts §§ 561-562 .......... 5

## PRELIMINARY STATEMENT

This case is about a false story and its consequences. CNN reported that Israel launched strikes on Iran from Azerbaijan and heavily implied that Azerbaijan facilitated the attacks. Azerbaijan told CNN, before publication, that the allegations were false. CNN published anyway, causing real damage. Compl. ¶¶ 5, 15, 73. During recent hostilities, Iran has retaliated against neighboring countries that it believed aided American or Israeli operations. Compl. ¶ 9-12. Seizing on CNN's reporting, Iranian outlets accused Azerbaijan of secretly assisting Israel's operations against Iran. Compl. ¶¶ 48-49.

CNN's motion to dismiss (ECF No. 16) ("MTD") mischaracterizes the law and Azerbaijan's well-pled allegations. It asks the Court to hold that foreign sovereigns cannot sue for defamation even though no court has adopted that rule. MTD 8-9. And it calls the law "clear" while conceding the governing authority is "limited." MTD 9 & n.3. Stripped of rhetoric, CNN's motion raises five questions. Settled law answers each in Azerbaijan's favor.

*First*, a foreign sovereign may sue for defamation. CNN's cases all barred <u>domestic</u> governmental plaintiffs; none involved a <u>foreign</u> state, which sues here "upon the same basis as a domestic corporation or individual." *Pfizer, Inc. v. Gov't of India*, 434 U.S. 308, 318-19 (1978). That the U.S. government cannot sue is irrelevant.

*Second*, the Post is "of and concerning" Azerbaijan. CNN says no reasonable reader would understand its reporting to concern Azerbaijan. MTD 12. But it names Azerbaijan dozens of times throughout the Post. This is more than enough to clear this element.

*Third*, the Post is reasonably capable of defamatory meaning. Look no further than subsequent Iranian reporting that cited the Post as proof that Azerbaijan facilitated Israeli strikes on Iran, contrary to its avowed neutrality. CNN's reporting framed Azerbaijan as duplicitous and subjected it to condemnation and retaliation.

*Fourth*, Azerbaijan plausibly pleads actual malice. CNN calls its story "deeply sourced" yet the at-issue statements rely solely on anonymous sources. Compl. ¶ 67. CNN published despite the implausibility of the allegations, Azerbaijan's denial, and the co-author's bias against Azerbaijan. Compl. ¶¶ 15, 60-63.

*Fifth*, Azerbaijan plausibly pleads *prima facie* tort for the distinct, physical danger CNN's publication created.

For the reasons set forth below, CNN's motion should be denied.

## <u>FACTUAL BACKGROUND</u>

### I. CNN Accused Azerbaijan Of Facilitating War Efforts After Azerbaijan Denied The Charge.

Azerbaijan is a neutral state neighboring Iran. When the Iran-U.S. war broke out in 2026, Azerbaijan publicly maintained its neutrality. Compl. ¶¶ 3-5. As the war progressed, Iran warned and attacked nations that it thought hosted American or

Israeli troops. *Id.* ¶¶ 9, 12. On March 5, 2026, drones launched from Iranian territory penetrated Azerbaijani airspace, injuring civilians. *Id.* ¶¶ 38, 52. In short, Iran attacks countries in this region that it suspects aid American and Israeli military efforts.

Knowing these stakes, CNN falsely implied that Azerbaijan aided Israeli military efforts. The clear inference from CNN's June 5, 2026 article (the "Post") was that Azerbaijan allowed Israel to use its territory to launch attacks against Iran. ECF No's. 1-1 and 18-1.[1] It reported that Israeli troops "secret[ly] deploy[ed] to Azerbaijan" as part of a "secret network across region" and "carried out intelligence-gathering missions and drone operations" into northern Iran, and marked Azerbaijan "a key position that brought Israeli troops to Iran's doorstep." *Id*. at 3-4.

Before the Post was published, CNN contacted Azerbaijani officials to verify whether Azerbaijan let Israel launch attacks from its territory. Compl. ¶ 15. Azerbaijan expressly denied it. Compl. ¶ 15. CNN published anyway. Compl. ¶ 19.

The Post's co-author, Tim Lister, had a documented history of false reporting about Azerbaijan. Compl. ¶ 61. He had previously accused Azerbaijan—again citing unnamed sources—of recruiting and hosting Syrian mercenaries to fight Armenia. Compl. ¶ 62. CNN knew of that history when it published the Post. Compl. ¶ 63.

---

[1] Pincites to the Post refer to ECF No. 18-1 for consistency with the MTD.

## II. CNN Refused to Retract the Post, Endangering Azerbaijan.

After publication, Azerbaijan again told CNN the allegations were false and asked for a retraction. Compl. ¶ 16. CNN refused. Compl. ¶ 56. Meanwhile, Iranian and other outlets seized on CNN's Post to portray Azerbaijan as an active participant in operations against Iran. Compl. ¶¶ 48-49. CNN published knowing the Post would endanger Azerbaijani civilians and gravely harm Azerbaijan's reputation, diplomatic relationships, and national security. Compl. ¶¶ 48, 73.

## LEGAL STANDARD

CNN bears the burden to show that Azerbaijan fails to state a claim. *Adkins v. Rumsfeld*, 389 F. Supp. 2d 579, 584 (D. Del. 2005). The Court draws "all reasonable inferences" in Azerbaijan's favor and takes the complaint's allegations as true, even if Azerbaijan might struggle to "ultimately prevail on the merits." *Wang v. Univ. of Pittsburgh*, 181 F.4th 301, 314 (3d Cir. 2026); *Wilcoxon v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 437 F. Supp. 2d 235, 242 (D. Del. 2006). On a 12(b)(6) motion, the Court considers only the complaint and documents referenced in or attached to it. *Adkins*, 389 F. Supp. 2d at 584.

## ARGUMENT

## I. Azerbaijan May Sue CNN for Defamation.

Because the United States recognizes Azerbaijan as a foreign nation and they are at peace, Azerbaijan may bring any civil claim "upon the same basis as a domestic corporation or individual." *Pfizer*, 434 U.S. at 318-19; *The Sapphire*, 78

U.S. 164, 167 (1870); Compl. ¶ 28. Azerbaijan sues to correct one false factual charge: that it secretly let Israel use its territory to attack Iran. Compl. ¶¶ 5, 7.

CNN asks the Court to rule that Azerbaijan can never sue for defamation. This argument fails for at least four reasons. First, no court has barred a foreign sovereign's libel claim. Second, the rationale for barring the U.S. government from asserting such claims is based on policy principles inapplicable to this suit. Third, a self-imposed restraint on the U.S. government is often inapplicable to foreign sovereigns. Fourth, permitting the suit will not invite forum-shopping (as CNN speculates), but achieves the SPEECH Act's intended goal set by Congress.

### A. No Court Has Barred a Foreign Sovereign Libel Suit.

A foreign sovereign sues for defamation like any other plaintiff—a juridical person with a reputation the law protects. Azerbaijan pleads a "legitimate interest in its international reputation," injured by a false factual charge, not opinion. Compl. ¶¶ 30, 31; Restatement (Second) of Torts §§ 561-562. No court has denied a foreign sovereign the capacity to pursue that injury.

CNN's cases do not hold otherwise. Each applied the government-libel rule to an American governmental entity. *See City of Chicago v. Tribune Co.*, 307 Ill. 595, 601 (1923) (city); *New York Times Co. v. Sullivan*, 376 U.S. 254, 292 (1964) (city commissioner); *Rosenblatt v. Baer*, 383 U.S. 75, 83 (1966) (county official); *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 919 F. Supp. 756, 760

(D.N.J. 1996) (state agency); *City of Philadelphia v. Wash. Post Co.*, 482 F. Supp. 897, 898-99 (E.D. Pa. 1979) (city); *Cayuga Nation v. Showtime Networks Inc.*, 191 A.D.3d 573, 573-74 (N.Y. App. Div. 2021) (domestic tribe).[2] None was a foreign state.

CNN's selective quotation of dicta fares no better. CNN cites *Pocono Mountain* for the proposition that "any kind of governmental entity" cannot sue, MTD 9. *Pocono Mountain* is an unpublished, non-precedential decision about a Pennsylvania charter school. *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 690 (3d Cir. 2011). It did not involve any foreign government. *Id. Sharon v. Time, Inc.* barred nothing; it let the claim proceed. 599 F. Supp. 538, 555 (S.D.N.Y. 1984).

The unpublished *Air Zimbabwe* order is not dispositive of this matter. CNN claims that the court dismissed a libel suit because the plaintiff "was a government entity." MTD 9-10. But the order offered two alternative grounds: that plaintiff was a government entity "and/or" a limited-purpose public figure. *Air Zimbabwe Corp.*

---

[2] *Cayuga Nation* applied *Sullivan* to bar a Native American tribe's libel claim. 191 A.D.3d at 573-74. But the Nation argued only that tribes are "a unique kind of government entity"—never that it was a recognized foreign sovereign—and the court rejected that undeveloped argument without deciding how a foreign state would stand. *Id.* In any event, a tribe (unlike Azerbaijan) is a "domestic dependent nation[]" and "is not a foreign state." *Cherokee Nation v. Georgia*, 30 U.S. 1, 17, 20 (1831).

*v. Tribune Publ'g Co.*, No. BC 227735 (Cal. Super. Ct. Aug. 22, 2000). The second ground disposes of the case without any government-plaintiff rule. Nor is *Air Zimbabwe* an opinion. It was a proposed order drafted by CNN's own counsel, Davis Wright Tremaine LLP, which the court adopted without revision. The order cites no authority and has never been cited by a court.

**B. The Rationale For Barring Suits By The U.S. Government Is Inapplicable To Azerbaijan.**

There is no principled basis to extend restrictions on domestic governmental entities to a foreign sovereign. Restrictions against suit from the U.S. government protect the right of Americans to criticize their own government. *Sullivan* traced the rule to "the central meaning of the First Amendment" and to Madison's principle that "the censorial power is in the people over the Government, and not in the Government over the people." 376 U.S. at 273-75 (emphasis added); accord *City of Chicago*, 307 Ill. at 601. It prevents the U.S. government from using libel suits against its own citizens to "stifle open debate about its actions." *Coll. Sav. Bank*, 919 F. Supp. at 760 (emphasis added). That rationale is inapplicable here. The Azerbaijani government is not elected by U.S. citizens, does not govern U.S. citizens, and its suit does not implicate any debate about U.S. government acts.

CNN's observation that the First Amendment protects American speakers reporting on foreign affairs (MTD 10) only reinforces Azerbaijan's right to sue here. Suing in this Court lets CNN raise every First Amendment defense in its motion,

including actual malice. MTD 14-20. The opposite outcome would push foreign sovereigns toward forums without those protections.

**C. The United States' Self-Restraint on Government Defamation Suits Does Not Apply to Foreign States.**

The U.S. government's self-restraint does not extend to sovereign nations. When a foreign sovereign brings a suit here, it is treated as a private litigant, not an equivalent of the U.S. government. *Pfizer*, 434 U.S. at 318-19. Thus, a foreign state can hold rights the United States denies itself. For example, 17 U.S.C § 105(a) imposes a copyright bar on "any work of the United States Government." This reflects the "Federal Government's decision to forfeit copyright protection for its own proprietary works" and does "not suggest an intent to displace" protection for other sovereigns. *Georgia v. Public.Resource.Org, Inc.*, 590 U.S. 255, 269-70 (2020); *see* 17 U.S.C. § 104(b)(1). Likewise, a foreign nation recovers antitrust treble damages "to the same extent as any other plaintiff," while prior to 1990, the United States recovered single damages alone. *Pfizer*, 434 U.S. at 320. As with copyright and antitrust, a self-imposed federal restraint does not bind foreign sovereigns. The defamation bar does not reach further.

**D. CNN's Forum-Shopping Argument Misstates The Law.**

CNN posits that recognizing Azerbaijan's suit would invite suits by China and Russia to stifle reporting on Tiananmen Square and the Ukraine war. MTD 10. But U.S. law already sets the test for a foreign government's access to our courts. It asks

whether the United States recognizes the government plaintiff and is at peace with it. *Pfizer*, 434 U.S. at 319-20. It does not ask whether the government is a liberal democracy of which CNN approves. Applying the proper test, this Court has previously permitted suit by a hostile and sanctioned Libyan entity. *Nat'l Oil Corp. v. Libyan Sun Oil Co.*, 733 F. Supp. 800, 805-06 (D. Del. 1990). If a sanctioned adversary may sue, a recognized friend like Azerbaijan may too.

CNN also misstates the risk of forum shopping. The United States has robust speech-protective laws and jurisprudence and fulsome discovery procedures. Totalitarian regimes are unlikely to sue under them. The real concern is that plaintiffs will seek judgments in less speech-protective jurisdictions. Congress passed the SPEECH Act to address that concern. *See* 28 U.S.C. § 4102. Denying a recognized, friendly sovereign a U.S. forum—while the SPEECH Act bars enforcing the foreign judgments it might otherwise obtain—is the "want of comity" *The Sapphire* condemned. 78 U.S. at 167.

CNN identifies no case and no principle barring Azerbaijan's claim. The Court should deny the motion.

## II. The Challenged Statements Are "Of And Concerning" Azerbaijan.

Azerbaijan sits at the center of the Post. It is named in the title and is referenced throughout. The cover image depicts a map of the region with circles over Azerbaijan and Israel alongside superimposed special operatives and drones. Post at

2. CNN contends that a "reasonable reader would not interpret these statements as attributing any action to *Azerbaijan*, much less wrongdoing." MTD 12. That conflates two questions. Whether CNN's statements refer to Azerbaijan is the "of and concerning" element; whether they charge wrongdoing is the separate defamatory-meaning question, addressed *infra*. Reporting about the use of Azerbaijani territory to launch covert military strikes is paradigmatically "of and concerning" Azerbaijan.

The "of and concerning" bar is low. Delaware requires only "a reasonably discernible link between the allegedly defamatory statement and the plaintiff." *Isaac v. Politico LLC*, 346 A.3d 103, 117 (Del. 2025). It is not necessary that a plaintiff "need be positively identified in the defamatory language itself"; reference may be shown by "the surrounding facts and circumstances" and the "general tenor," so long as "a degrading imputation, however indirect, is conveyed." *Klein v. Sunbeam Corp.*, 94 A.2d 385, 390-91 (Del. 1952). *Klein* reversed a Rule 12(b)(6) dismissal on that basis.

The Post clears that bar. It claimed that Israel "secretly deployed elite military and intelligence units to Azerbaijan . . . in facilitating operations against Iran" and units "carried out intelligence-gathering missions and drone operations . . . in Azerbaijan." Post at 3. CNN portrayed Azerbaijan as the host of Israel's forward sites whose territory was used in "facilitating operations against Tehran." *Id.* at 3.

CNN claimed that Israeli deployments to "Iran's neighbors" included "some with permission" and "some likely without." *Id.* CNN heavily implied that Israeli operations from Azerbaijan were "with permission." The Post concludes with a 3-page coda recounting friendly Azerbaijani-Israel relations. *Id.* at 6-9. By contrast, CNN offered a cursory overview of Iran's other neighbors. *Id.* at 5-6.

CNN's own cases prove the point. In *Isaac*, the claim failed because the plaintiff was never named and was "merely introduced as a bit player," with no "implicitly accusatory finger" pointed at him. *Isaac*, 346 A.3d at 120. Azerbaijan is the opposite: named, central, identified as the territory from which the operations ran, and at least implicitly accused of facilitating warfare. *Gibney v. Fitzgibbon* likewise rejected an "of and concerning" claim because the statement "sa[id] nothing about Gibney himself or his character." 547 F. App'x 111, 113-14 (3d Cir. 2013). The Post, by contrast, says a great deal about Azerbaijan.

## III. Azerbaijan Plausibly Alleged Defamatory Meaning.

The Post is capable of a defamatory meaning: it unavoidably insinuates that Azerbaijan, a self-declared neutral state, let Israel "secretly" wage war on its neighbor from Azerbaijani soil. CNN argues that (1) it never stated Azerbaijan facilitated attacks on Iran and that describing cooperation with Israel is not defamatory, (MTD 12) and (2) any "involvement by Azerbaijan in the killing of the former IRGC intelligence leader" could not harm its reputation because the IRGC is



72324/0001-54553047

a designated foreign terrorist organization. MTD 13. Both contentions misstate the gravamen of the Complaint and applicable law.

*First*, CNN did not describe ordinary cooperation. It reported that Israel "secretly deployed elite military and intelligence units" to Azerbaijan, that those forces "carried out intelligence-gathering missions and drone operations" from Azerbaijani territory, and that "[o]ne of the key operations launched from Azerbaijan . . . was the killing on March 4 of Rahman Moghaddam." Post at 3, 8. That imputes untrustworthiness and disloyalty to a self-declared neutral state and is defamatory *per se*. *Sunstar Ventures, LLC v. Tigani*, 2009 WL 1231246, at *9 (Del. Super. Ct. Apr. 30, 2009). Even if CNN were ambiguous about whether Azerbaijan permitted Israel's presence—it was not—the only other explanation for Israel's presence is that Azerbaijan cannot prevent foreign militaries from using its territory. This is equally—if not more—disparaging. Nor can CNN recast the charge as non-actionable "opinion." Statements on a matter of public concern remain actionable when they "may be reasonably construed as stating or implying defamatory facts ... that are provably false," and there is "no wholesale exemption from defamation law for any statement cast in the form of an opinion." *Cousins v. Goodier*, 283 A.3d 1140, 1155-56 (Del. 2022).

A statement is also actionable where its author implies a defamatory meaning. *Invictus Glob. Mgmt., LLC v. Corbin Cap. P'rs, L.P.*, 2025 WL 2419577, at *18 (Del.

Super. Ct. Aug. 21, 2025) (statement was actionable where the publication, read as a whole, supplies "additional, affirmative evidence . . . that suggests the defendant intends or endorses the defamatory inference"). CNN plainly implied that Azerbaijan allowed Israel to launch assaults from its territory: the Post describes the Israeli operations for roughly four paragraphs, then devotes thirteen more to the two countries' partnership and the secret "preparations [that] began weeks before the opening strikes of the war," and prints an image of Azerbaijan alongside the statement that "this location allowed for intelligence gathering and drone operations into northern Iran, a key position that brought Israeli troops to Iran's doorstep." Post at 3-6. The implication was clear: Iranian outlets cited CNN as proof that Azerbaijan had "becom[e] a secret partner in Israeli operations against Iran." Compl. ¶ 49.

*Second*, CNN's rejoinder—that any role in killing an IRGC officer cannot hurt Azerbaijan because the IRGC is a U.S. designated terrorist organization (MTD 13)—misstates the test. Defamatory meaning turns on whether the charge lowers Azerbaijan in the estimation of the community, not on U.S. foreign policy. *Cousins*, 283 A.3d at 1148-49. Otherwise, one could never be defamed by a false accusation of misconduct toward a disfavored target. That is not the law.

Finally, CNN's claim that Azerbaijan admitted to any of the defamatory allegations (MTD 13) mischaracterizes the complaint. Azerbaijan admitted that it has a "mutually beneficial commercial relationship" (Compl. ¶ 34) and "deepening

partnership" with Israel (Compl. ¶ 35). It denied that it secretly hosted Israeli military operations against Iran. Accordingly, *Read v. Carpenter* is readily distinguishable. 1995 WL 945544, at *4 (Del. Super. Ct. June 8, 1995) (dismissing claim where plaintiff "himself ha[d] placed the allegedly defamatory statements in a non-defamatory context," so that the statements "essentially restate[d] actions which plaintiff attribute[d] to himself.").

## IV. Azerbaijan Plausibly Pleaded Actual Malice.

CNN contends that Azerbaijan failed to plead actual malice because the Post was "deeply sourced," included Azerbaijan's denial, and matched prior reporting, and because denials, the refusal to retract, and bias are all irrelevant. MTD 15, 17-20. But those are factual disputes, not pleading defects, and on a motion to dismiss every competing inference is drawn in Azerbaijan's favor. *See Wang*, 181 F.4th at 314.

CNN's argument fails for two reasons. *First*, Azerbaijan plausibly pleads knowledge of falsity or reckless disregard through "objective circumstantial evidence," including CNN's "purposeful avoidance of the truth" and its deliberate choice "not to listen" to a source who could verify the story. *Wang*, 181 F.4th at 313-14. *Second*, CNN's reliance on unverified anonymous sources independently supports the claim at the pleading stage.

**A. CNN Published the Post Despite Knowing It Was False.**

A plaintiff states actual malice by alleging that the defendant "published facts contrary to information it otherwise knew." *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 360 (3d Cir. 2020); *see also Boone v. Newsweek LLC*, 2023 WL 2245104, at *6 (E.D. Pa. Feb. 27, 2023) (reckless disregard where a publisher notices "apparently reliable information that contradicts its libelous assertions, but nevertheless publishes"); *Schiavone Const. Co. v. Time, Inc.*, 847 F.2d 1069, 1090 (3d Cir. 1988). Delaware courts likewise find actual malice where a defendant possesses countervailing evidence. *See US Dominion, Inc. v. Fox News Network, LLC*, 2021 WL 5984265, at *28 (Del. Super. Ct. Dec. 16, 2021) (malice where "Fox possessed countervailing evidence" yet continued to publish); *see also Smartmatic USA Corp. v. Newsmax Media, Inc.*, 2023 WL 1525024, at *16 (Del. Super. Ct. Feb. 3, 2023) (actual malice where plaintiff pleads that defendant "knowingly disregarded publicly available information" and relied on sources it had "obvious reasons to doubt").

Azerbaijan pleads exactly that. CNN and its authors had notice before and after publication that the central charge was false. Compl. ¶¶ 15-16, 57-58. CNN's denial-and-retraction cases do not change the result. Each dismissed a claim that rested solely on a bare denial. *Brimelow v. New York Times Co.*, 2021 WL 4901969, at *3 (2d Cir. Oct. 21, 2021) (denial and departure from journalistic standard); *Epps*

*v. Fox News Network, LLC*, 2026 WL 1266101, at *14 (D. Del. May 8, 2026) (bare denial and refusal to retract); *Lemelson v. Bloomberg L.P.*, 903 F.3d 19, 24 (1st Cir. 2018) (plaintiff's own admitted conduct corroborated report and the publisher contacted a named official and published the denial); *Lohrenz v. Donnelly*, 350 F.3d 1272, 1285 (D.C. Cir. 2003) (plaintiff's warnings carried no verifiable content).

The Complaint alleges far more than a bare denial. CNN had specific notice that the central charge was false and published anyway. Compl. ¶¶ 57-58, 67. Running Azerbaijan's denial alongside the charge does not cure that. Printing a denial "undercut[s]" malice only where the publisher had no reason to doubt its story. The Supreme Court has sustained a malice finding on just such facts. *See Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 691-92 (1989) (finding actual malice where the charge was "highly improbable," "had been denied . . . before the story was published," and the publisher deliberately declined to consult the sources that would have confirmed its falsity); *see Wang*, 181 F.4th at 314.

Nor does Azerbaijan's acknowledged relationship with Israel make the charge unremarkable. General cooperation is categorically different from the specific charge that a self-declared neutral state secretly let a foreign military stage attacks on a neighbor from its soil. Compl. ¶¶ 3-5, 57. Azerbaijan's declared neutrality makes that charge less probable, not more, and heightens the obvious reasons CNN had to doubt its anonymous sources.

### B. CNN's Reliance on Unverified, Anonymous Sources Supports Actual Malice.

At the pleading stage, a publisher's sole reliance on anonymous sources it had specific reason to doubt is itself evidence of actual malice. Delaware treats as indicia of malice both a story resting "wholly on an unverified, anonymous source" and an "obvious reason to doubt the veracity of the informant," and holds a plaintiff "may prove actual malice through an accumulation of such circumstantial evidence." *US Dominion, Inc. v. Fox News Network, LLC*, 293 A.3d 1002, 1043 (Del. Super. Ct. 2023). The Supreme Court is in accord: good-faith professions fail where "a story is . . . based wholly on an unverified anonymous telephone call," *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968), and "recklessness may be found where there are obvious reasons to doubt the veracity of the informant," *Harte-Hanks*, 491 U.S. at 688.

CNN had three such reasons. Azerbaijan specifically denied the charge before publication, Compl. ¶¶ 15-16; the co-author had a history of biased reporting about Azerbaijan on unnamed sources, Compl. ¶¶ 60-63; and the charge—indicating a self-declared neutral state secretly hosted a foreign army's strikes on a neighbor—was inherently improbable. Compl. ¶¶ 5, 57. Reliance on anonymous sources in the face of such doubt, "without further investigation[,] *may* support an inference of actual malice," and that inference is enough now. *Harborne v. Dow Jones & Co., Inc.*, 2024 WL 5200947, at *14 (Del. Super. Ct. Dec. 23, 2024); *Wang*, 181 F.4th at 314.

CNN's own authorities draw the controlling line—and CNN falls on the wrong side of it. Each found no malice precisely because the publisher did what CNN did not: it named, consulted, or corroborated its sources. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 704-05 (11th Cir. 2016) (reporters "spoke with, consulted, or otherwise reached out to" named insiders, unlike sources "as dubious as an unverified anonymous phone call"); *see also Biro v. Condé Nast*, 963 F. Supp. 2d 255, 277, 280 (S.D.N.Y. 2013) (sources not anonymous); *Cabello-Rondón v. Dow Jones & Co., Inc.*, 2017 WL 3531551, at *9 (S.D.N.Y. Aug. 16, 2017) (distinguishing a story "based wholly on an unverified anonymous source"). The Post's pertinent allegations are, by contrast, entirely unsourced.

CNN's remaining sourcing cases arise in the wrong posture, including cases resolved on summary judgment or a full record. *See OAO Alfa Bank v. Ctr. for Pub. Integrity*, 387 F. Supp. 2d 20, 50, 52, 56 (D.D.C. 2005); *Contemp. Mission, Inc. v. New York Times Co.*, 842 F.2d 612, 624 (2d Cir. 1988); *Church of Scientology Int'l v. Daniels*, 992 F.2d 1329, 1334 (4th Cir. 1993). CNN's lead authority is further afield still: *Rhode Island Office of General Treasurer v. Paramount Global* was not a defamation case at all, but a Section 220 books-and-records action asking whether a stockholder could rely on sourced news reports to show a "credible basis" to investigate. 331 A.3d 179, 199 (Del. Ch. 2025).

CNN's fallback—that bias is irrelevant—misreads Azerbaijan's theory, which does not rest on motive. True, "ill will toward the plaintiff or bad motives are not elements of actual malice," *Tavoulareas v. Piro*, 817 F.2d 762, 795 (D.C. Cir. 1987), and "a vendetta alone is no basis to infer knowledge" of falsity. *Copeland v. Netflix, Inc.*, 2025 WL 3687742, at *7 (D. Del. Dec. 19, 2025); *see Pace v. Baker-White*, 850 F. App'x 827, 832 (3d Cir. 2021). But those cases dismissed claims resting on motive alone. Here, the authors' history of false reporting on Azerbaijan is pleaded alongside CNN's unverified sourcing and contrary knowledge. Compl. ¶¶ 58, 60-63, 67. *Moore v. Cecil* does not aid CNN: it turned on personal jurisdiction and pleading defects. 109 F.4th 1352 (11th Cir. 2024).

Finally, the quotes in the Post from Gershon Kogan and Joshua Kucera change nothing. Post at 8. The quotes are uncontested and separate from the defamatory statements at issue. Compl. ¶¶ 66-67. The statements that Israel launched strikes from Azerbaijan rest on anonymous sources alone. At a minimum, whether CNN entertained serious doubts is a fact question, and malice "does not readily lend itself to summary disposition," let alone resolution on the pleadings. *Starbucks v. Google LLC*, 2026 WL 2137827, at *10 (Del. Super. Ct. July 24, 2026).

## V. The *Prima Facie* Tort Claim Redresses a Distinct Wrong and a Distinct Harm.

Defamation remedies reputational harm. *See Kyle v. Apollomax, LLC,* 2013 WL 5954782, at *5 (D. Del. Nov. 1, 2013). Azerbaijan's *prima facie* tort claim

redresses a different wrong and injury than defamation. Delaware recognizes the tort as "[t]he intentional harm infliction, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful and which acts do not fall within the categories of traditional tort." *Lord v. Souder*, 748 A.2d 393, 402-03 (Del. 2000). This claim redresses what defamation cannot reach—the physical danger CNN created. Azerbaijan pleads that CNN "puts . . . the lives of Azerbaijani citizens at risk." Compl. ¶ 59. That danger is concrete: Iran has retaliated against neighbors and may have launched drones into Azerbaijani territory. Compl. ¶¶ 38, 52. CNN's false charge brands Azerbaijan a covert combatant and invites retaliation by Iran. Compl. ¶¶ 59, 73. That is a distinct harm and does not duplicate the defamation count. In any event, Rule 8 permits Azerbaijan to plead prima facie tort in the alternative to defamation, so any overlap is not a basis for dismissal now. Fed. R. Civ. P. 8(d)(2)-(3).

Azerbaijan pled all elements of the claim. *Prima facie* tort requires that the act involve the "sole desire to cause injury and damage to the plaintiffs." *Desmond v. Desmond*, 2024 WL 4851606, at *3 (Del. Super. Ct. Nov. 21, 2024). As alleged, CNN published a knowingly false fabrication, through authors with a documented history of false reporting about Azerbaijan, to injure it. Compl. ¶¶ 60-63, 70-72. CNN argues the Post had an "expressive purpose" that negates the sole malice requirement, but relies on a case where "another agenda" constituted the expressive

"opinion." *McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 536-37 (2d Cir. 2009). Here, CNN has not identified its alternative "agenda" motivating its opinion piece presented as objective truth. Regardless, whether CNN had a legitimate motive is a fact question that cannot be resolved on the pleadings. *Widger v. Cent. Sch. Dist. No. 1*, 20 A.D.2d 296 (N.Y. 4th Dep't 1964) (reversing dismissal because the defendant's motive presented a fact question). CNN's contention that Azerbaijan pled no "damage" (MTD 22) also fails. The tort requires only intentional harm "resulting in damage," not itemized pecuniary special damages. *Lord*, 748 A.2d at 402-03. A general allegation of intended injury and damage suffices, *Desmond*, 2024 WL 4851606, at *3, and Azerbaijan has alleged concrete harm in any event. Compl. ¶¶ 38, 52, 59, 73. CNN's remaining objections go to proof, not pleading, and are premature.

## **CONCLUSION**

For the foregoing reasons, Azerbaijan respectfully requests that this Court deny CNN's Motion to Dismiss.

*[signature to follow]*

**OF COUNSEL:**

**BROWN RUDNICK LLP**
Wayne F. Dennison (admitted *pro hac vice*)
Lindy Reed (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617) 856-8247 (Phone)
(617) 856-8201 (Fax)

D. Cameron Moxley (admitted *pro hac vice*)
Hayden A. Miller (admitted *pro hac vice*)
August Nelson Dinwiddie (admitted *pro hac vice*)
7 Times Square Tower
New York, NY 10036
(212) 209-4800 (Phone)
(212) 209-4801 (Fax)
HMiller@brownrudnick.com
DMoxley@brownrudnick.com
ADinwiddie@brownrudnick.com

**COLE SCHOTZ P.C.**

*/s/ James S. Green, Jr.*
James S. Green, Jr. (No. 4406)
Nathaniel J. Klepser (No. 6975)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
(302) 652-3131 (Phone)
(302) 652-3117 (Fax)
jgreen@coleschotz.com
nklepser@coleschotz.com

*Attorneys for Plaintiff,*
*Republic of Azerbaijan*

Dated: November 9, 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief in Opposition to Defendant's Motion to Dismiss the Complaint complies with the type, font, and word requirements set forth in the Court's November 10, 2022 Standing Order regarding Briefing in All Cases. The text of the brief, including footnotes, is in 14-point Times New Roman font and contains 4,815 words.

**COLE SCHOTZ P.C.**

*/s/ James S. Green, Jr.*
James S. Green, Jr. (No. 4406)
Nathaniel J. Klepser (No. 6975)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
(302) 652-3131 (Phone)
(302) 652-3117 (Fax)
jgreen@coleschotz.com
nklepser@coleschotz.com

*Attorneys for Plaintiff,*
*Republic of Azerbaijan*